FILED
United States Court of Appeals
Tenth Circuit

June 24, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KERRY KRUSKAL,

      Plaintiff - Appellant,

v.

JUAN MARTINEZ and DIANA
MARTINEZ,

      Defendants - Appellees.

No. 20-2177
(D.C. No. 1:16-CV-01075-JB-SCY)
(D. N.M)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

This appeal grew out of a state action for breach of a contract to

purchase land. The state district court ruled for the buyer, concluding that

he could avoid payment by returning the land to the seller, Mr. Kerry

Kruskal. Mr. Kruskal appealed in state court, but the state supreme court

dismissed the appeal on the ground that he had begun the appeal too late.

---

[*]    We conclude that oral argument would not materially help us to
decide the appeal, so we have decided the appeal based on the record and
the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Kruskal argues that the ruling was incorrect. Rather than appeal to the U.S. Supreme Court, however, he appealed to the federal district court. The district court dismissed the appeal for lack of jurisdiction, and Mr. Kruskal acknowledges that this ruling was correct.

Mr. Kruskal nonetheless filed two motions to reopen his time to appeal the federal district court's ruling on the ground that he had not timely received notice of the ruling. *See* Fed. R. App. P. 4(a)(6)(A). The district court denied the motions, and Mr. Kruskal wants to appeal the denial of his second motion to reopen on the ground that he hadn't timely received the electronic copy of the district court's order of dismissal. We reject his argument for two reasons:

1. He admitted in federal district court that he had timely received the electronic copy of the ruling.

2. More time to appeal to our court would not help him.

Mr. Kruskal repeatedly argued in district court that he had experienced delays in receiving his electronic mail. The federal district court rejected this argument, stating that it had checked and confirmed proper delivery of the electronic copy of the ruling on the day of its entry (November 30, 2016). Mr. Kruskal moved twice for reconsideration. In his first motion to reconsider, he admitted electronic receipt of the ruling on November 30, 2016, but said that he didn't notice the ruling because of delays in getting some of his other electronic mail:

2

> Just a couple of days ago, Kruskal went back into his own archived mail to find that the letters did in fact arrive on 11/30/2015.
>
> When Kruskal just now opened the emails, for the very first time Kruskal sees:
> **Docket Text:**
> **MEMORANDUM OPINION AND ORDER of Dismissal by District Judge James O. Browning granting [2] MOTION for Leave to Proceed in forma pauperis (meq)**
>
> Kruskal is not computer literate. Kruskal does not have a cell phone. Kruskal does not even have a machine that copies the phone number of incoming calls.
>
> Kruskal recalls a server problem roughly at the time of the "lost" emails. Some emails were arriving late. Thus unless Kruskal scrolled back, he would not see any of these affected emails. Apparently Kruskal missed these two emails.

R. vol. 1, at 82 (Doc. 11 at 3).

This admission is fatal. Mr. Kruskal could obtain reopening of the time to appeal only if he hadn't timely received the ruling on November 30, 2016, Fed. R. App. P. 4(a)(6)(A), and he admittedly received the electronic copy on the day of its issuance.

Mr. Kruskal emphasizes that even if he received the ruling on November 30, 2016, he did not open or read the email until later. But it doesn't matter when Mr. Kruskal read the email; we consider only when he received the notice. *See* Fed. R. App. P. 4(a)(6)(A); Fed. R. Civ. P. 77(d) and 5(b)(2)(E).

Mr. Kruskal also argues that he did not read the ruling promptly because he was hospitalized in late December 2016. But Mr. Kruskal received the ruling almost a month before he was hospitalized. R. vol. 1, at 81 (Doc. 11 at 2). So the district court correctly declined to reopen his time to appeal.

3

Even if the district court had allowed him to reopen the time to appeal, an appeal would do him little good. He admits that the federal district court lacked jurisdiction to consider an appeal of a decision in state court. He wants to correct his prior misstep by appealing the state supreme court's dismissal to the U.S. Supreme Court. But if the district court were to reopen time to appeal, our inquiry would be limited to the district court's ruling that it lacked jurisdiction over an appeal from state court. Despite this limitation, Mr. Kruskal admits that the federal district court lacked jurisdiction. And neither the federal district court nor our court could grant Mr. Kruskal additional time to appeal from state court to the U.S. Supreme Court. So his effort to obtain additional time to appeal the district court's ruling is futile. Even if he were to obtain more time, he would simply be appealing a federal district court ruling that he concedes was correct.

We do not fault Mr. Kruskal: He is pro se and was understandably confused by the complicated procedural status of this case. In his first motion to reopen, he asked the federal district court if his appeal should go to "Colorado" or to the "U.S. Supreme Court." R. Vol. 1, at 74 (Doc. 9 at 3). The district court could not give legal advice. So the court understandably ruled on the legal ground presented, concluding correctly that Mr. Kruskal had failed to show satisfaction of the requirements to reopen his time to appeal.

The federal district court's ruling was correct. And Mr. Kruskal's challenges to that ruling were misguided from the outset: A federal court cannot grant additional time for a litigant to appeal from a state court to the U.S. Supreme Court.

We thus affirm the denial of Mr. Kruskal's second motion to reopen the time to appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge